BATES *v.* BATES.

1. DIVORCE—ALIMONY—SUPPORT OF CHILDREN—MODIFICATION OF DECREE.

Where original decree of divorce between parties having two minor children provided for payment of $19 a week "as permanent alimony and for the support and maintenance of said minor children" and for a reduction of $5 a week when the boy should no longer be in plaintiff wife's custody and decree was modified substantially in accord therewith, subsequent modification to eliminate payment for alimony and support when girl reached 18 years of age was based on erroneous interpretation that original decree failed to provide for any alimony for wife.

2. SAME—ALIMONY—CHANGE OF CIRCUMSTANCES—MODIFICATION OF DECREE.

While divorce decree may be modified to reduce payments of alimony and support money when a child reaches the age of

18, alimony payments to wife should not be disturbed without considering any change of circumstances affecting her need for alimony and husband's financial condition.

Appeal from Wayne; Murphy (George B.), J. Submitted June 4, 1946. (Docket No. 9, Calendar No. 43,095.) Decided September 11, 1946.

Divorce proceedings by Walda W. Bates against LeRoy Bates. Decree for plaintiff. On petition of defendant to amend decree. Decree amended. Plaintiff appeals. Reversed and remanded.

*Wm. Henry Gallagher* (*Abraham Satovsky,* of counsel), for plaintiff.

BUSHNELL, J. On January 29, 1932, plaintiff Walda W. Bates filed a bill for divorce and she was granted a decree on June 21, 1933, by the late Honorable Allan Campbell, circuit judge. On July 8, 1937, an amended decree was entered by Judge Campbell. The pertinent provision in the original decree is worded as follows:

"It is further ordered, adjudged and decreed that defendant pay to the friend of the court all temporary alimony in arrears at this date and further pay to plaintiff through the friend of the court until the further order of the court, as permanent alimony and for the support and maintenance of said minor children, the sum of $19 per week, payable in advance."

The amended decree is worded:

"It is hereby ordered, adjudged and decreed that the defendant pay to plaintiff, through the friend of the court, in advance monthly, commencing as of July 1, 1936, the sum of $55 per month for alimony and for support and maintenance of the plaintiff

and their minor child, Shirley Louise Bates, until the further order of this court.''

On July 25, 1942, defendant sought a modification of the decree, which petition was determined by the Honorable George B. Murphy, circuit judge. As is the practice in such matters, the friend of the court filed a report in which he stated:

''It will be noticed that upon the amended decree a provision was made for the joint support of the plaintiff wife and minor child. In reviewing the file in the office of the friend of the court together with the court file it does not appear that at any time throughout the proceedings that any allowance was meant to be intended for the support of the plaintiff wife, and the friend of the court is of the opinion that the provision for the support of the plaintiff wife was either erroneous or loose language. At any rate the motion before the court was one by the defendant husband to reduce the allowance and no petition had been filed for affirmative relief by the plaintiff wife. The decree in this case has served its purpose, the minor children have been raised and are now either self-supporting or in a position to be self-supporting. The plaintiff wife has an income of $127 per month exclusive of what she has been receiving from the defendant husband in the past, and there is no justification for continuing any allowance which might have been considered for the support of the plaintiff wife.''

Judge Murphy adopted the suggestion of the friend of the court and stated in his written opinion:

''The original decree made no provision for alimony in favor of the plaintiff wife. On July 8, 1937, when the decree was amended, the court had long since lost jurisdiction to alter or amend the decree, with respect to granting plaintiff wife any alimony. LeRoy Bates, one of the children, is now about 24

years of age and in the armed forces of the country. The daughter reached her eighteenth birthday last June, and has completed her high school education. The defendant husband's financial condition has greatly changed for the worse since the entry of the decree or amended decree."

An order was entered on December 11, 1942, relieving the defendant of any further obligation to support or contribute to the support and maintenance of either the plaintiff or the minor daughter of the parties. The defendant, however, was required to pay the sum of $45 "for the maintenance and education of the daughter," which amount the circuit judge found to be in arrears at the time the order was entered.

Appellant Walda W. Bates contends that the original divorce decree did contain a provision for the payment of alimony. She argues that the defendant should now be denied the right to raise that question, no appeal having been taken from either the original or the amended decree. Appellant further contends that there has been no such material change in the circumstances of the parties to warrant an elimination of alimony from the decree.

The circuit judge in his written opinion reasons that the language of the decree constituted a property settlement in favor of the wife, and that this provision was apparently in lieu of alimony, and, therefore, when the amended decree was entered in 1937, the court had lost jurisdiction to provide for alimony for the wife.

This court had occasion to distinguish between alimony and maintenance of minor children in *West v. West*, 241 Mich. 679, and, without quoting therefrom, we suggest an examination of the reasoning of Mr. Justice WIEST therein. See, also, *Van Dom-*

*melen* v. *Van Dommelen,* 218 Mich. 149, 154, and 17 Am. Jur. p. 405, § 496.

It is to be noted that the original decree provided that "the defendant shall be entitled to a reduction of $5 per week from the date said LeRoy Bates shall enter into his custody." The total amount that defendant was required to pay to plaintiff was $19 per week. The reduction suggested, and thereafter incorporated in the amended decree, was only approximately a quarter of this sum. It would seem that if the original amount was only for the support and maintenance of the minor children, the trial judge would have provided for a reduction, under the circumstances stated, of approximately one-half of the total amount. This would warrant the conclusion that the $19 was arrived at by determining that there should be $5 a week for each child and $9 a week for the wife. In this connection, see *Sturgis* v. *Sturgis,* 300 Mich. 438, 444, 445. The general guide for the interpretation of divorce decrees was stated by Mr. Justice FEAD in *Tessmer* v. *Tessmer,* 261 Mich. 681, 683.

We conclude, therefore, that the order appealed from was based upon an erroneous interpretation of the original decree. Such conclusion, however, does not preclude modification of the original award upon sufficient showing. *Austin* v. *Austin,* 308 Mich. 139. In the instant case the decree was modified without considering any change of circumstances affecting the wife's need for alimony. On the contrary, the problem was considered primarily from the viewpoint that the minor daughter had reached the age of 18; was able to support herself, and, incidentally, that the "husband's financial condition has greatly changed for the worse." It may be that the modification of the award for the daughter's

support should not be disturbed, but certainly the effect of the order upon the wife resulted from an erroneous determination.

The order, therefore, must be vacated. The cause is remanded to the trial court for further action, if such is desired. Costs to appellant.

Butzel, C. J., and Carr, Sharpe, Boyles, Reid, and North, JJ., concurred. Starr, J., took no part in the decision of this case.